# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| DON MITCHELL WILBORN, | ) | |
| | ) | |
| Petitioner, | ) | No. 0:18-cv-01565-DCN |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| H. JOYNER, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Paige J. Gossett's Order ("Order") construing petitioner Don Mitchell Wilborn's ("petitioner") motion requesting reassignment as a request to recuse and denying the motion, ECF No. 15, and her Report and Recommendation ("R&R") that recommends this court deny petitioner's writ of habeas corpus petition pursuant to 28 U.S.C. § 2241, ECF No. 27. For the reasons set forth below, the court affirms the Order, adopts the R&R, and denies the petition.

## I. BACKGROUND

Petitioner pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in the United States District Court for the Northern District of Alabama. ECF No. 10-1 at 2. He was sentenced under 21 U.S.C. § 841(b)(1)(A) to 240 months' imprisonment and sixty months' supervised release. Id. at 3. Petitioner's sentence was calculated using, in part, drug quantities from dismissed charges. Id.

The R&R recounts the procedural background of petitioner's case. ECF No. 15 at 1-1. Petitioner's only objection to this portion of the R&R relates to its conclusion about

1

the other petitioner, Wendel Robert Wardell, Jr. ("Wardell"), [1] with whom petitioner filed his objections. ECF No. 27 at 5.

Petitioner now seeks to have his sentence vacated pursuant to 28 U.S.C. § 2241. Petitioner filed his habeas petition on June 7, 2018 and then filed an amended petition on July 25, 2018. Then petitioner filed a motion for random re-assignment of his case on July 30, 2018, and the magistrate judge construed the motion as a request to recuse and denied it on August 3, 2018. On the same day, the magistrate judge issued her R&R recommending that petitioner's habeas petition be dismissed. The court granted petitioner's request for an extension of time to file objections to the R&R on August 28, 2018. Petitioner filed his objections as joint objections with Wardell on September 13, 2018. No response has been filed.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate's Order

Magistrate judges have "the authority to hear and determine any pretrial matter pending before the court" except for dispositive motions. United States v. Benton, 523 F.3d 424, 430 (4th Cir. 2008). A party may object to a magistrate judge's order on a nondispositive matter within 14 days of service of the order. Fed. R. Civ. Pro. 72(a). The district court reviews such orders for clear error. 28 U.S.C. § 636(b)(1)(A); Springs v. Ally Fin. Inc., 657 F. App'x 148, 152 (4th Cir. 2016).

---

[1] Wardell's case, 18-cv-1566, is also before this court.

2

**B. R&R**

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

**C. Pro Se Plaintiff**

Petitioner is proceeding pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id. Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

Petitioner raises several objections to the Order and the R&R. With regard to the Order, petitioner objects to the magistrate judge's construction of his motion for random reassignment as a request to recuse. He alleges that the magistrate judge "mishandle[ed] . . . the motion for reassignment in direct violation of the local rules and/or Federal Rules of Civil Procedure." ECF No. 27 at 2. With regard to the R&R, petitioner first objects to

the magistrate judge's failure to provide copies of the unpublished cases cited in her R&R. Id. Next petitioner objects to the R&R's conclusion that his petition should be summarily dismissed based on (1) its analysis of Nelson v. Colorado, 137 S. Ct. 1249 (2017), id. at 9; and (2) its unwillingness to apply Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), to his sentence, id. at 20.

### A. Order on Motion for Reassignment

Petitioner first argues that the magistrate judge erred in construing his motion for random reassignment as a request to recuse. Relevant to his argument is the fact that the magistrate judge denied petitioner's previous habeas petition in 2016. ECF No. 27 at 4; Wilborn v. Mansukhani, 16-cv-1134. Here, petitioner claims that the Order ignored Local Civ. Rule 73.02(C)(1)(f) and (g) (D.S.C.), which require that federal prisoner cases challenging confinement be assigned to magistrate judges on a rotational basis, and related cases be assigned to the same magistrate judge. ECF No. 27 at 2–3. Petitioner then asserts that to "contrary to [the rules] above," Local Civ. Rule 73.02(C)(6) (D.S.C.) requires new cases filed by pro se litigants with prior cases to be assigned to the same magistrate judge and district judge who heard their prior cases. Id. at 3. Petitioner appears to be arguing that his case should have been assigned on a rotational basis to a different magistrate judge per Rule 73.02(C)(1)(f), instead of to the same magistrate judge who heard his prior case per Rule 73.02(C)(6). Moreover, petitioner claims that once his motion was construed as a motion to recuse, a district judge should have heard the motion. Id. at 4. Finally, petitioner claims that the magistrate judge "knowingly, and intentionally, ignored her legal responsibilities to avoid an appearance of bias." Id.

4

The magistrate judge construed petitioner's motion as a request for recusal and found no basis for recusal. She explained that petitioner's disagreement with her prior rulings and "unsupported allegations of bias" were not sufficient to warrant recusal. ECF No. 13 at 3.

Under the clear error standard, a district court "may not reverse [a magistrate judge's order] simply because it would have decided the case differently. Rather, a reviewing court must ask whether . . . it is left with the definite and firm conviction that a mistake has been committed." DietGoal Innovations LLC v. Wegmans Food Markets, Inc., 993 F. Supp. 2d 594, 600 (E.D. Va. 2013) (quoting United States v. Wooden, 693 F.3d 440, 451 (4th Cir. 2012)). Petitioner's motion asserts that the magistrate judge

> ha[s], previously, been unwilling, as a matter of conscience, to apply the applicable Rules of Civil Procedure to proceedings which displays a clear inability to render fair judgment. Moreover, as evidenced by the current appeal, the assigned . . . Magistrate Judge ha[s] been unwilling to follow the applicable law and Rules of Civil Procedure.

ECF No. 10 at 2–3. It was not clearly erroneous for the magistrate judge to interpret this language as a request for recusal. After a thorough review of the record and the Order, the court finds no clear error and therefore affirms the Order.

**B. Failure to Provide Copies of Cases**

Next, petitioner objects to the fact that the magistrate judge relied up on and cited unpublished cases in her R&R but did not provide copies to petitioner. Petitioner relies on Local Civ. Rule 7.05 (D.S.C.), which requires parties to attach copies of unpublished decisions to memoranda filed with the court. However, this rule applies to parties before the court, not the court itself. Rule 7.05 is found in the section titled "Pleadings Allowed: Forms of Motions." Local Civ. Rule 7.04 (D.S.C.) explains that "[a]ll motions made . . . shall be timely filed with an accompanying supporting memorandum that shall be filed

5

and made part of the public record." Rule 7.05, titled "Form and Content of Memoranda," subsequently contains the requirement that parties attach unpublished decisions to their memoranda. Read in context, this rule applies to parties filing pleadings, not to the court issuing orders. Therefore, the court finds that the magistrate judge was not required to attach the unpublished cases on which she relied.

**C. Dismissal of Petition**

Petitioner also objects to the R&R's ultimate conclusion that his petition should be dismissed. Petitioner argues that the magistrate judge erred in finding that: (1) Nelson does not provide relief for petitioner; and (2) the statute under which petitioner was sentenced is not unconstitutionally vague, meaning Dimaya and Johnson do not render petitioner's sentence illegal.

**1. Section 2255 Savings Clause**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). When a federal prisoner is barred from seeking habeas relief through § 2255, he may still seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 through § 2255's saving clause, which is available when a § 2255 motion "proves inadequate or ineffective to test the legality of . . . detention." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). In order to show that § 2255 is inadequate or ineffective to test the legality of detention, a petition must show:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to

6

> this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

The magistrate judge concluded petitioner cannot meet the second requirement of Wheeler because Nelson, Dimaya, and Johnson do not affect petitioner's sentence. ECF No. 15 at 3–4. Petitioner objects to this conclusion and contends that these cases do impact his sentence. The court discusses each of petitioner's arguments in turn.

### 2. Effect of Nelson v. Colorado on Petitioner's Sentence

Petitioner claims that his "sentence[] [was] improperly enhanced based on acquitted, dismissed, and/or uncharged conduct." ECF No. 27 at 6. He argues that the Supreme Court's reasoning in Nelson, a case related to acquitted conduct, extends to his sentence, meaning he "cannot be held criminally liable for the uncharged drugs" that were considered in his sentencing. Id. at 10. The magistrate judge concluded that Nelson did not affect petitioner's sentence, and as such, § 2255's savings clause could offer petitioner no relief. ECF No. 15 at 3–4.

In Nelson, the Supreme Court held that when a defendant's criminal conviction is subsequently invalidated, the state may not require the defendant to prove her innocence in order to receive a refund of fees, court costs, and restitution paid as a consequence of the conviction. 137 S. Ct. at 1252. The petitioners in Nelson were convicted of various charges in Colorado and paid fees, court costs, and restitution as a result of their convictions. Id. at 1252–53. One petitioner was subsequently acquitted of all charges on retrial, and the other's convictions were either reversed or vacated. Id. at 1253. A Colorado law required a petitioner to "show, by clear and convincing evidence, her actual innocence of the offense of conviction" to be refunded any money paid as a result of the

invalid conviction.  Id. at 1254.  The petitioners challenged this law, and the Supreme Court subsequently found that the law "does not comport with due process." Id. at 1255. Of relevance here, the Court explained that once the petitioners' convictions were invalidated, "the presumption of their innocence was restored." Id.  As such, Colorado could not presume a person innocent of a crime and then find her "guilty enough for monetary exactions." 137 S. Ct. at 1256. (emphasis added).

Petitioner takes this language from Nelson and applies it to sentence enhancements to argue that "'once . . . the presumption of . . . innocence [i]s restored,' a state 'may not presume a person, adjudged guilty of no crime, nonetheless guilty enough for [enhancements to apply].'" ECF No. 27 at 11 (emphasis added) (quoting Nelson, 137 S. Ct. at 1256).  Applying Nelson's reasoning, petitioner asserts that evidence of dismissed charges cannot be used to calculate his sentence because petitioner is presumed innocent of that conduct.  Id.  Considering dismissed charges when calculating his sentence, petitioner argues, "eviscerates the presumption of innocence."  Id.

Petitioner's argument fails because he cannot properly analogize monetary penalties with sentence enhancements.  Monetary penalties are punishment, while the Supreme Court has held that sentence enhancements are not.  Witte v. United States, 515 U.S. 389, 400–01 (1995).  Therefore, petitioner cannot equate monetary penalties and sentence enhancements, and Nelson does not extend as far as petitioner contends it does. Petitioner points to United States v. Brooks, 872 F.3d 78 (2nd Cir. 2017), as a case that extends Nelson's reasoning.  ECF No. 27 at 9.  However, while the reasoning is extended to a factually different situation, it still applies in the context of monetary penalties, not sentencing enhancements.  In Brooks, the Second Circuit held that when a defendant dies

8

during his appeal, "the reasoning of Nelson [] compels abating monetary penalties" because "there is no longer a valid conviction to support the government's retention of the penalty." 872 F.3d at 89 (citation omitted). The Second Circuit does not go so far to extend the reasoning of Nelson beyond monetary penalties.

Petitioner also argues that Nelson "effectively overrules United States v. Watts, 519 U.S. 148 (1997)." ECF No. 27 at 9. In Watts, , the Supreme Court held that a sentencing court may consider "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." 519 U.S. at 157. As discussed above, sentencing is a separate and distinct concept from monetary penalties, and as such, the same principles that apply to one cannot apply to the other. Therefore, Nelson did not affect the holding in Watts.

Moreover, nowhere in Nelson does the Supreme Court discuss or even mention Watts. The court cannot find that the Supreme Court overruled itself when it did not explicitly do so. See United States v. Hatter, 532 U.S. 557, 567 (2001) ("[I]t is [the Supreme Court]'s prerogative alone to overrule one of its precedents."). Moreover, many lower courts agree that Nelson does not overrule Watts. See United States v. Tegeler, 309 F. Supp. 3d 728, 732 (D. Neb. 2018) ("Because Nelson obviously does not expressly invalidate Watts, this Court must follow Watts until the Supreme Court says otherwise."); Minor v. Coakley, 2018 U.S. Dist. LEXIS 173492, at *7 (N.D.W. Va. Oct. 9, 2018) ("The magistrate judge is correct that the petitioner misinterprets the opinion[,] and his assertion that Nelson overrules United States v. Watts, 519 U.S. 148 (1997), is misplaced."); Lewis v. Mosely, 2018 U.S. Dist. LEXIS 89955, at *8 (D.S.C. May 9, 2018), adopted and incorporated by 2018 U.S. Dist. LEXIS 89021 (D.S.C. May 29, 2018)

("There is no indication upon review of cases giving negative treatment to U.S. v. Watts that any case has overruled U.S. v. Watts, much less Nelson. Additionally, Nelson makes no reference to Watts whatsoever."). Therefore, the court adopts the R&R's analysis and finds that Nelson does not affect petitioner's sentence. As such, petitioner cannot meet the second requirement of § 2255's savings clause with regard to his Nelson argument. [2]

### 3. Effect of Sessions v. Dimaya and Johnson v. United States on Petitioner's Sentence

Petitioner also argues that his sentence is affected by the Supreme Court's void-for-vagueness analysis in Dimaya and Johnson. Petitioner was sentenced under 21 U.S.C. § 841, which mandates a life sentence for a defendant with two prior convictions of a "felony drug offense," and 21 U.S.C. § 851.[3] ECF No. 27 at 20. Petitioner claims that "felony drug offense," as defined in 21 U.S.C. § 802(44), is unconstitutionally vague, and as such, petitioner "should not have faced a life mandatory minimum sentence" when sentenced under 21 U.S.C. § 841. ECF No. 10-1 at 5. The magistrate judge found that because petitioner was not sentenced under either of the statutes at issue in Dimaya and

---

[2] Petitioner also makes a one-sentence argument that he is "'actually innocent,' thus allowing [him] to proceed under the 'savings clause.'" ECF No. 27 at 21. However, whether petitioner is "actually innocent" makes no impact on the court's analysis or holding. A claim of actual innocence is only relevant to the statute limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). McQuiggin v. Perkins, 569 U.S. 383, 392–93 (2013). McQuiggin held that actual innocence may overcome the one-year statute of limitations on habeas petitions, allowing a petitioner who is actually innocent to file a habeas petition after the statute of limitations expired. Id. at 386. But a § 2241 habeas petition, like the one considered here, is not subject to the AEDPA's one-year statute of limitation. See Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2017) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."). As such, there is no issue as to whether a statute of limitations bars petitioner's petition, meaning whether the petitioner is "actually innocent" is irrelevant.

[3] The term "felony drug offense," which is the basis of petitioner's argument, does not appear in 21 U.S.C. § 851. As such, the court will only discuss 21 U.S.C. § 841.

Johnson, the cases did not render petitioner's sentence illegal, and § 2255 afforded him no relief. ECF No. 15 at 4.

The Supreme Court has recently found several clauses in federal sentencing laws that define terms related to violent crimes to be unconstitutionally vague. In Johnson, the Supreme Court held that the definition of the term "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. 135 S.Ct. at 2557. The residual clause defined a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another." Id. at 2555–56. Because the definition left uncertain "how to estimate the risk posed by a crime" and "how much risk it takes for a crime to qualify as a violent felony," the Court held that "the residual clause produced more unpredictability and arbitrariness than the Due Process Clause tolerates." Id. at 2557–58.

Similarly, in Dimaya, the Court held the Immigration and Nationality Act's ("INA") residual clause's use of the term "aggravated felony," 8 U.S.C. § 1227(a)(2)(A)(iii), which incorporated 18 U.S.C. § 16(b)'s definition of "crime of violence," to be unconstitutionally vague. 138 S. Ct. at 1210–11. The term "crime of violence" is defined in part as a crime that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. at 1211. Relying on its analysis in Johnson, the Dimaya Court explained that the language in this residual clause produced the same result as the language in the ACCA's residual clause—"more unpredictability and arbitrariness than the Due Process Clause tolerates." Id. at 1216 (quoting Johnson, 135 S. Ct. at 2558). As such, the Court held the clause to be unconstitutional. Id. at 1223.

Here, petitioner was sentenced under 21 U.S.C. § 841(b)(1). ECF No. 27 at 20. The magistrate judge correctly concluded that petitioner was not sentenced under the statutes at issue in <u>Johnson</u> and <u>Dimaya</u>. ECF No. 15 at 4. As a result, the holdings from those cases do not render petitioner's sentence illegal. In addition, <u>Johnson</u> and <u>Dimaya</u> involved definitions of "violent felony" and "crime of violence" and did not relate to drug offenses. The law and principles related to violent crimes are simply different than the law and principles related to drug offenses. As such, the holdings in <u>Johnson</u> and <u>Dimaya</u> do not apply the term "felony drug offense." Petitioner cites no case law that extends <u>Johnson</u> and <u>Dimaya</u> to 21 U.S.C. § 841(b)(1), and the court was unable to find any such case law. Therefore, petitioner cannot meet the second requirement of § 2255's savings clause with regard to his void-for-vagueness argument.

## IV.   CONCLUSION

For the foregoing reasons, the court **AFFIRMS** the Order and **ADOPTS** the R&R. The court therefore **DISMISSES** the petition, consistent with the R&R.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 8, 2018**
**Charleston, South Carolina**